IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPS. EMMANUEL AND | : | |
| PERLITA LALO, | : | CIVIL ACTION |
|     Petitioners, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL B. MUKASEY, *et al.*, | : | No. 08-2567 |
|     Respondents. | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                                                    **February 2, 2009**

      Petitioners Emmanuel Lalo and his wife Perlita Lalo filed a petition for a writ of mandamus and declaratory judgement in an attempt to compel the Administrative Appeals Office (AAO) to hold a hearing on the Lalos' claims.  The Government Respondents have filed a motion to dismiss the Lalos' Petition.  Because the Lalos have yet to file an appeal with the appropriate agency, the Court declines to grant their request.  Furthermore, to the extent the Lalos seek to have this Court compel a change in their status through mandamus, this Court lacks the power to do so.  Accordingly, the Court grants Respondents' motion.

**I.     BACKGROUND**

      Emmanuel and Perlita Lalo entered the United States in 1987 and 1988, respectively, using false passports.  (Pet. at 2-3.)  The couple has three children born in the United States.  (*Id*. at 2.) The Lalos have applied to have their statuses changed to permanent residents, and they filed an Application to Register Permanent Resident or Adjust Status on December 24, 2003 with the Department of Homeland Security (DHS).  (*Id*. at 3.)  On July 22, 2005, Emmanuel filed an application for a waiver of grounds of excludability.  (*Id*.)  On August 8, 2005, the United States

Citizenship and Immigration Services (USCIS) denied the petition because the law deems inadmissible "[a]ny alien who, by fraud or willful[ly] misrepresenting a material fact, seeks to procure . . . admission into the United States." (Pet. Annex A [Notice of Denial].) The Notice of Denial stated that to obtain a waiver of inadmissibility Emmanuel Lalo must provide evidence that his removal from the United States would cause extreme hardship to a qualifying relative. (*Id*.) Furthermore, because his wife is an illegal alien, she was not a qualifying relative. According to the Notice of Denial, the economic hardship noted by Mr. Lalo did not warrant a waiver of grounds of excludability. Additionally, the Notice of Denial concluded, somewhat callously, that the "uprooting of family does not necessarily amount to extreme hardship but rather represents the type of inconvenience and hardship experience [*sic*] by the families of most aliens being removed." (*Id*.) Mr. Lalo's use of a false passport, "lack of remorse," and willingness to again enter this country illegally showed a "disregard for the immigration laws of this country" and therefore Lalo's petition was denied. (*Id*.)

The Notice of Denial stated that Lalo could appeal the decision to the Administrative Appeal Office (AAO) in Washington, D.C. According to the Notice, Lalo was required to submit an appeal to "**THIS OFFICE**" with a filing fee within thirty days (thirty-three if the decision was mailed). (Notice of Denial (emphasis in original).) The Notice of Denial letterhead included a Philadelphia address. But the Notice of Denial also incorrectly enclosed a Form EOIR-29, which is intended to be filed with the Board of Immigration Appeals (BIA). (Pet. at 6.)

On September 8, 2005, Petitioners, through counsel, filed a Notice of Appeal with the BIA. (Pet. at 4.) The BIA dismissed the appeal for lack of jurisdiction on August 28, 2007. (Pet. Annex C [BIA Decision].) On September 28, 2007, Petitioners filed a Motion to Reconsider with the

2

USCIS.  (Pet. Annex D [Decision Regarding Motion to Reconsider].)  The USCIS exercised its discretion and accepted the motion as timely filed.  (*Id*.)  Nonetheless, the motion to reconsider was dismissed on the merits.  (*Id*.)

On May 30, 2008, Petitioners filed the Mandamus Petition and Motion for Summary Judgment now before the Court.  Respondents have moved to dismiss.

**II.    DISCUSSION**

Petitioners request that this Court compel Respondents to remand this matter to the "Administrative Appeals Unit" of DHS for further proceedings regarding the Lalos' applications for status adjustment.  Petitioners allege that DHS' Notice of Denial wrongly directed Petitioners to file their appeal with the BIA and, therefore, the appeal should have been forwarded to the AAO or the Lalos should have been permitted to re-file their appeal using the proper forms.  Furthermore, Petitioners complain that DHS denied their motion to reconsider without forwarding the original appeal to the AAO and that a cursory reading of the USCIS decision on the motion to reconsider clearly shows that the same person decided both the original application and the motion to reconsider, when the motion to reconsider should have been decided by the AAO.

To date, the AAO has not considered the Lalos' claims.  Although Petitioners request that this Court order the AAO to continue to receive evidence and conduct proceedings to adjudicate their status adjustment, Petitioners have failed to bring their claims regarding their application for waiver of excludability to the appropriate forum.  It may be that the AAO will deny the appeal as untimely despite Lalo's argument that the government is to blame for his improper filing.  But that remains speculation until Lalo files the correct papers in the appropriate forum.  *See Pinho v. Gonzales*, 432

F.3d 193, 200 (3d Cir. 2005) ("If there remain steps that the immigrant can take to have an action reviewed within the agency, then the action is not final and judicial review is premature.").

Even assuming Petitioners' claims are ripe, their memorandum of law is devoid of a single case that would support their assertion that this Court can issue a writ of mandamus in this matter. In fact, the law is to the contrary. A party is entitled to the writ only if "he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty."[1] *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The duty must be "a legal duty which is a specific, plain, ministerial act devoid of the exercise of judgment or discretion. An act is ministerial only when its performance is positively commanded and so plainly described as to be from doubt." *Harmon Cove Condo. Ass'n v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (internal quotation omitted).

An immigrant's status, however, "may be adjusted by the [Secretary of Homeland Security], in his discretion and under such regulations as he may prescribe . . . ."[2] 8 U.S.C. § 1255(a) (2008). Thus, "the actual decision to grant or deny an application for adjustment is discretionary . . . ." *Song v. Klapakas*, Civ. A. No. 06-5589, 2007 WL 1101283, at *3 (E.D. Pa. Apr. 12, 2007); *see also Soliman v. Gonzales*, Civ. A. No. 07-0682, 2007 WL 4294665, at *4 (E.D. Pa. Dec. 5, 2007) ("[T]here is no doubt the Secretary of Homeland Security has discretion to approve or deny [status

---

[1] Similarly, this Court may not review the denial of a request for a status adjustment under the Administrative Procedures Act because "[t]he APA similarly requires a non-discretionary duty" in order for a writ of mandamus to be proper. *Elzerw v. Mueller*, Civ. A. No. 07-166, 2007 WL 1221195, at *1 (E.D. Pa. Apr. 23, 2007); *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) ("[T]he only agency action that can be compelled under the APA is action legally *required*.") (emphasis in original).

[2] The text of 8 U.S.C. § 1255(a) grants the Attorney General the discretion to determine status adjustments. The authority for such determinations has since been transferred to the Secretary of Homeland Security and USCIS. *See* 6 U.S.C. § 271(b)(5).

adjustment applications]."). Furthermore, the law bars judicial review of any "decision . . . of the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of . . .the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Soliman*, 2007 WL 4294665, at *3 ("[F]ederal courts may not review a decision by the USCIS to approve or deny an application [for status adjustment]").

**III.    CONCLUSION**

For the above stated reasons, Petitioners' claims are premature; furthermore, this Court cannot grant the relief they seek.  Accordingly, Respondents' motion to dismiss is granted.[3]  An appropriate Order follows.

---

[3] In the alternative, the motion is granted as uncontested.  Plaintiffs have failed to respond to Defendants motion to dismiss, although a response was due on January 22, 2009.  On January 27, 2009, when Chambers questioned Plaintiffs' counsel's office regarding whether a response was forthcoming, Chambers was informed that a motion seeking an extension of time to file a response would be filed.  To date none has been filed.  Under Local Rule 7.1(c), a court may grant as uncontested a motion to dismiss if a plaintiff fails to file a response.  This Court was not obligated to remind counsel of his duty to respond to a motion and the failure to respond even after the reminder represents an independent basis for dismissal.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPS. EMMANUEL AND PERLITA LALO, | : | CIVIL ACTION |
| Petitioners, | : | |
| v. | : | |
| MICHAEL B. MUKASEY, *et al.*, | : | No. 08-2567 |
| Respondents. | : | |

### ORDER

**AND NOW**, this **2nd** day of **February**, **2009**, upon consideration of the Petition for Mandamus and Declaratory Judgment, Defendants' Motion to Dismiss, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The Petition (Doc. No. 1) is **DENIED**.

2. Respondents' motion to Dismiss (Doc. No. 3) is **GRANTED**.

3. The Clerk of Court is directed to close this case.

BY THE COURT:

**Berle M. Schiller, J.**